ALITO, Circuit Judge,
concurring in the judgment.
I do not join Judge Barry’s opinion, which was never necessary and is now obsolete. That opinion fails to discuss the one authority that dictates the result in this appeal, namely, the Supreme Court’s decision in Stenberg v. Carhart, — U.S. -, 120 S.Ct. 2597, 147 L.Ed.2d 743 (2000). Our responsibility as a lower court is to follow and apply controlling Supreme Court precedent. I write briefly to explain why Carhart requires us to affirm the decision of the District Court in this case. This is an appeal by the New Jersey State Legislature from a decision of the United States District Court for the District of New Jersey holding the New Jersey Partial-Birth Abortion Ban Act of 1997, 2A:65A-5 et seq., unconstitutional and permanently enjoining enforcement of the Act. Planned Parenthood of Central New Jersey v. Verniero, 41 F.Supp.2nd 478 (D.N.J.1998). The New Jersey statute closely resembles statutes enacted in recent years in many other states.
On January 14, 2000, the Supreme Court granted certiorari to review the decision in Carhart v. Stenberg, 192 F.3d 1142 (8th Cir.1999), cert. granted, —— U.S. -, 120 S.Ct. 865, 145 L.Ed.2d 725 (2000), which presented the question of the constitutionality of a similar Nebraska statute. The Supreme Court recently held that the Nebraska statute is unconstitutional. Stenberg v. Carhart, — U.S. -, 120 S.Ct. 2597, 147 L.Ed.2d 743 (2000).
The Court based its decision on two grounds. First, in Part II-A of its opinion, the Court held that the Nebraska law is unconstitutional because it lacks an exception for the preservation of the health of the mother. See 120 S.Ct. at 2608-13. Second, in Part II-B of its opinion, the Court held that the Nebraska statute is unconstitutional because it imposes an undue burden on a woman’s ability to choose the method most commonly used for second trimester abortions, the “dilation and evacuation” (D & E) method. See 120 S.Ct. at 2612-17.
Under Carhart, the decision of the District Court must be affirmed. First, the New Jersey statute, like its Nebraska counterpart, lacks an exception for the preservation of the health of the mother. Without such an exception, the New Jersey statute is irreconcilable with Part II-A of Carhart.
Second, the Supreme Court’s holding in Part II-B of Carhart is also applicable here. As noted, in that portion of its opinion, the Court held that the Nebraska statute applied, not only to the “dilation and extraction” or D & X procedure, but *153 also to the more commonly used D & E procedure. The wording of the relevant provisions of the Nebraska statute is nearly identical to that of the New Jersey statute. Thus, the Supreme Court’s holding in Part II-B of its opinion in Carhart must be regarded as controlling in this case.
In light of this interpretation of the New Jersey statute, the Legislature’s argument that the plaintiffs lack standing must fail. As noted above, the New Jersey statute must be interpreted, in light of Carhart, as applying to the D & E procedure, and the plaintiff physicians in this case perform that form of abortion. The Legislature’s argument that this case is not ripe because the New Jersey statute has not been authoritatively interpreted by the state courts or state enforcement officials must also fail. In view of the interpretation in Carhart, there is no reason to wait for interpretation by state officials or judges.
In a post-Carhart filing, the New Jersey Legislature has urged us to certify questions concerning the interpretation of the New Jersey statute to the state supreme court. In Carhart, however, the Supreme Court of the United States turned down a similar request for certification by the Attorney General of Nebraska. 120 S.Ct. at 2616-17. The decision of the Supreme Court of the United States to deny certification in Carhart must be regarded as controlling here, both with respect to the Legislature’s request for certification and with respect to its closely related argument that the District Court erred in refusing to abstain pursuant to Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).
In conclusion, Carhart compels affir-mance of the decision of the District Court.